## McCuin *v.* Merchants Grocery Company.

### Opinion delivered February 24, 1906.

EVIDENCE—RELEVANCY.—Where in an attachment suit, a stranger intervened, claiming to have bought the attached goods from the defendants, it was not error to refuse to permit the intervener, as evidence of the good faith of his purchase, to prove that defendants had, some six weeks or two months previously, offered to sell the goods to others, as such evidence, without proof of the circumstances under which the offers were made, would not tend to prove defendants' good faith in selling to the intervener.

Appeal from White Circuit Court; *Silas D. Campbell,* Special Judge; affirmed.

Action by Merchants Grocery Company against Honea & Son to recover upon account for goods sold. An order of general attachment was sued out and levied on a stock of goods in the possession of E. J. McCuin. McCuin interpleaded, and a trial upon the interplea resulted in a verdict and judgment in favor of the plaintiff, and the intervener appealed to this court.

There were four other cases involving the same question upon the same facts, and, by stipulation of parties, they abide the result of this case.

*Grant Green,* for appellant.

1. Testimony as to previous efforts to sell, such efforts not being too remote to form a part of the *res gestae,* was admissible to show the *bona fides* of this transaction. 20 Ark 592; 59 Ark. 303; 43 Ark. 99; 12 Ark. 782; 14 Ark. 138.

2. Fraud will not be presumed. It must be clearly estab-

lished by competent evidence. 11 Ark. 378; 38 Ark. 419; 45 Ark. 492; 20 Ark. 216; 18 Ark. 123; 31 Ark. 554; 33 Ark. 259; *Ib.* 727. A merchant, though in failing circumstances, has the right to sell his stock at a fair market price, and a purchaser from him in good faith acquires good title. 32 Ark. 163; 30 Ark. 417; 49 Ark. 20.

McCulloch, J. Honea & Son were insolvent, and, while in that condition, delivered their stock of goods to appellant, a brother-in-law of the senior member of the firm, pursuant to an alleged sale to him for cash. The inventory of the goods, taken at cost prices, amounted to something over $1,300, and $900 was the price alleged to have been paid therefor by appellant.

The creditors of Honea & Son attacked the alleged sale on the ground that it was fictitious and fraudulent.

Appellant and Honea testified that the sale was made in good faith, without any fraudulent intent, for a valuable and adequate consideration, and without notice or information on the part of appellant as to the insolvency of Honea & Son. Other witnesses corroborated them as to the fact that a sale was made and a part of the price paid. Appellee relied upon certain circumstances developed by the testimony, and contradictory statements of appellants concerning the sale, to show that the sale was fictitious, and made, if at all, for the purpose of cheating and hindering the creditors of Honea & Son, and that appellant knew of the insolvency of the firm, and knowingly participated in the fraud.

The evidence tending to show the relationship of the parties, the inadequacy of the price alleged to have been paid for the goods, the unsatisfactory explanation given by appellant of the source whence he procured the money with which he purchased the goods, and his reasons for making the purchase and the circumstances under which the alleged sale was negotiated and consummated, were sufficient to justify the jury in finding that the sale was not made in good faith, but was a fraudulent contrivance to defraud the creditors of Honea & Son. We can not say that there was not evidence of a substantial character in support of the verdict.

Nor do we find any error in the instructions of the court.

The court modified several instructions asked by the interpleader, refused two, and gave several of its own motion and on motion of appellee. Upon the whole, we are convinced that all the issues were fully and fairly submitted to the jury upon proper instructions. The refused instructions were fully covered by those given.

Appellant also complains at the ruling of the court in refusing to permit him to prove that Honea & Son had previously offered to sell their stock of goods to two other persons—one about two months and the other about six weeks before the alleged sale to appellant. We can not see that this was material to the issue, which was as to the *bona fides* of the sale to appellant. Honea & Son might properly have testified that, at or about the time of the alleged sale to appellant, they openly attempted to sell their stock of goods for the purpose of raising funds to pay creditors or for re-investment or some other legitimate purpose not in fraud of creditors, but proof of isolated efforts to sell the stock at a different time and under, perhaps, different circumstances was not material. They were too remote in point of time to be considered as a part of the *res gestae*. No prejudice resulted from exclusion of the testimony. .

Upon the whole case, we find no error, and the judgment is affirmed.